UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ULUOCHA AMAECHI, | : | Civil No. 1:21-CV-1177 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| DISTRICT COUNCIL 89, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who was initially proceeding *pro se*, commenced this action by a complaint. (Doc. 1.) Defendant District 89 filed a motion to dismiss the *pro se* complaint. (Doc. 5.) In response, the plaintiff filed an amended complaint, which deleted and added parties. (Doc. 18.) The defendants then moved to dismiss this amended complaint, (Docs. 20 and 24), a step which inspired the plaintiff to file a motion for leave to file a second amended complaint. (Doc. 33). According to the plaintiff, the defendants have concurred in this motion, but reserve the right to pursue dispositive motions once this pleading is filed.

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and provides that such leave

to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1. The plaintiff's motion to file a second amended complaint (Doc. 33) is GRANTED and the second amended complaint, (Doc. 33-5), will be lodged by the clerk as the operative amended complaint in this matter.

2. The plaintiff is advised that any further amendments will only be permitted if the plaintiff first seeks leave of court upon a showing of extraordinary circumstances or great need.

3. The plaintiff is ordered to make timely service of the amended complaint upon any newly named defendants in accordance with the Federal Rules of Civil Procedure.

4. We believe that this development has substantive significance for the parties with respect to the pending motions to dismiss the first amended complaint since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders

it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Therefore, since Amaechi's initial amended complaint is now a legal nullity the defendants' motion to dismiss that initial amended complaint, (Docs. 20 and 24), are DISMISSED as moot.

5. However, leave to amend is granted without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the plaintiff's second amended complaint, including renewal of any motions to dismiss filed by the defendants with respect to this second amended complaint.

SO ORDERED, this 10th day of December 2021.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge